# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| vs. | ) | CR. NO. 11-51 and |
| | ) | CR. NO. 11-52 |
| CHARLES F. MURRAY | ) | |

## OPINION

Presently before the Court is a Petition on Supervised Release and a Supplemental Petition on Supervised Release in which the Probation Office seeks to modify the conditions of Defendant Charles F. Murray's supervision. Mr. Murray filed a brief opposing the proposed modifications. A show cause hearing was held on May 25, 2011, after which we ordered the government to file a brief in support of the petition. The government filed its brief on May 29, 2011, and Mr. Murray filed a Reply on June 1, 2011. For the reasons that follow we will grant the petitions and order that the Defendant's supervised release be modified to impose the proposed conditions.

## I. Background

On April 1, 2004, Mr. Murray plead guilty to two counts of traveling in interstate commerce to engage in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b) at Criminal No. 04-207 filed in the United States District Court for the District of New Jersey. He was sentenced by Judge Joseph Irenas, Sr. on August 27, 2004, to a term of imprisonment of 83 months, to be followed by three years of supervised release.

On November 5, 2004, Mr. Murray plead guilty to a One-Count information charging him with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) at Criminal No. 04-66 filed in the United States District Court for the Eastern District of Pennsylvania He

was sentenced by Judge Bruce Kauffman on February 24, 2005, to a term of imprisonment of 40 months, with 28 months to run concurrent to his 83-month sentence, and 12 months to run consecutive. Thus, his total term of imprisonment for both cases was 95 months. In addition, Judge Kaufman imposed a 3-year term of supervise release to run concurrently to the term of supervision imposed by Judge Irenas.

Mr. Murray was released to supervision on July 2, 2010. On July 29, 2010, Judge Irenas ordered that jurisdiction over Mr. Murray for the remainder of his term of supervised release at Criminal No. 04-207 be transferred to the Western District of Pennsylvania. This Court accepted jurisdiction on August 19, 2010. ECF No. 1, at CR No. 11-51. On August 26, 2010, Judge Kaufmann ordered that jurisdiction over Mr. Murray at Criminal No. 04-207 be transferred to the Western District of Pennsylvania. This Court accepted jurisdiction on September 24, 2010. ECF No. 1, at Cr. No. 11-52.

On February 25, 2011, the Probation Office filed a Petition on Supervised Release requesting that Mr. Murray's conditions of supervised release be modified to "reflect the language approved by the Court in the Western District of Pennsylvania relative to individuals convicted of similar offenses." ECF No. 2, at Cr. No. 11-51 & Cr. No. 11-52. The Probation Officer first attempted to seek Mr. Murray's consent to the proposed modifications but Mr. Murray declined to sign "Probation Form 49, Waiver of Hearing to Modify Conditions of Supervised Release." Id. After a show cause hearing was set, the Probation Office filed a Supplemental Petition on Supervised Release in order to add language to one of the proposed conditions that was mistakenly left out of the original petition. ECF No. 7, at Cr. No. 11-51 & Cr. No. 11-52.

2

The Probation Office proposed to modify the conditions of supervised release by adding the following conditions:

1. [MENTAL HEALTH/SEX OFFENDER TREATMENT] The defendant shall participate in a mental health and/or sex offender treatment program, approved by the probation officer, until such time as the defendant is released from the program by the Court. The defendant shall abide by all program rules, requirements, and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if he is in compliance with the conditions of release. The Probation Office is authorized to release the defendant's presentence report to the treatment provider if so requested.

2. [SORNA REGISTRATION] As required by 18 U.S.C. §§ 3563(a)(8) and 3583(d), and the Sex Offender Registration and Notification Act (SORNA, 42 U.S.C. § 16901, et seq.), the defendant shall report the address where he will reside and any subsequent change of residence to the probation officer responsible for defendant's supervision, and further shall register as a convicted sex offender in any state where he resides, is employed, carries on a vocation, or is a student.

3. [PROHIBITED MATERIALS] The defendant shall not possess any materials, including pictures, photographs, books, writings drawings, videos, or video games depicting and/or describing "sexually explicit conduct" as defined at 18 U.S.C. § 2256(2).

4. [PROHIBITED MATERIALS] The defendant shall not possess any materials, including pictures, photographs, books, writings drawings, videos, or video games depicting and/or describing child pornography as defined at 18 U.S.C. § 2256(8).

5. [COMPUTER USE, LIMITATIONS, MONITORING, and SEARCH] The defendant is permitted to possess and/or use a computer and is allowed access to the Internet. However, the defendant is not permitted to use a computer, or other electronic communication or data storage devices, including a cell phone, to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. The defendant shall consent to the installation of any hardware/software to monitor any computer, or other electronic communication or data storage devices used by the defendant to confirm the defendant's compliance with this condition. The defendant shall pay the monitoring costs as directed by the probation officer. Furthermore, the defendant shall consent to periodic unannounced examinations by the probation officer of any computers, cell phones, or other electronic communications or data storage devices that the defendant has access to, to confirm the defendant's compliance with this condition.

6. [SEIZURE AND SEARCH OF EQUIPMENT] Additionally, the defendant shall consent to the seizure and removal of hardware and data storage media for further analysis by the probation officer, based upon reasonable suspicion of a violation of the conditions imposed in this case, or based upon reasonable suspicion of unlawful conduct by the defendant. The defendant's failure to submit to the monitoring and/or search of computers and other electronic communication or data storage devices used by the defendant may be grounds for revocation.

7. [COMPUTER USE IN EMPLOYMENT] If the defendant's employment requires the use of a computer, the defendant may use a computer in connection with the employment approved by the probation officer, provided the defendant notifies his or her employer of the nature of his or her conviction. The probation officer shall confirm the defendant's compliance with this notification requirement.

8. [COMPUTER INFORMATION] The defendant shall provide the Probation Office with accurate information about his entire computer system (hardware/software) and other electronic communication or data storage devices or media to include all passwords used and the name of the Internet Service Provider(s). The defendant also shall abide by the provision of the Computer Restrictions and Monitoring Program approved by the Court.

9. [SEARCH CONDITION] The defendant shall submit his person, property, house, residence, vehicle, papers, business or place of employment, to a search, conducted by a United States probation officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervisions. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to searches pursuant to this condition.

## II. Discussion

Mr. Murray argues that under Third Circuit case law district courts lack the authority to modify supervised release unless changed or unforeseen circumstances exist. Def. Br. Opp. 16-17, citing United States v. Smith, 445 F.3d 713 (3d Cir. 2006); Def. Reply at ¶ 9, citing Smith and United States v. Roberts, 2007 WL 1974335 (3d Cir. 2007); Tr., May 25, 2011, at 4 ("there is no legal authority in this Circuit for a modification when there is no allegation of a violation and new or unforeseen circumstances"; "the law is that in order to obtain a modification, under Third Circuit [precedent] there has to be a new or unforeseen circumstance"). Mr. Murray also

4

argues that that the Probation Office has failed to identify an unforeseen or changed circumstance that would warrant modification.

Even if we do not lack the power to modify his conditions, Mr. Murray maintains that the government has failed to set forth a sufficient justification warranting modification. It is undisputed that Mr. Murray has not violated the conditions of his release or otherwise failed to comply with the conditions. In addition, the Probation Officer has not alleged that the existing conditions are insufficient to further the legitimate statutory goals of deterrence, protection of the public, and rehabilitation of the defendant. Finally, he asserts that the Probation Officer has not explained how the requested conditions involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 18 U.S.C. § 3553(a), as provided in 18 U.S.C. § 3583(d)(2).

We determine that the proposed modifications are permitted. To the extent that we assume that no new or unforeseen circumstance exists, we find that we do have the power to modify the conditions of supervision under the facts of this case. Alternatively, we find that in fact the transfer of jurisdiction over Mr. Murray's supervision qualifies as a changed circumstance sufficient to permit the proposed modifications.

### A. Power to Modify Conditions of Supervision

Section 3583(e)(2) of Title 18 of the United States Code provides that a district court may, after considering the factors set forth in section 3553(a), "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2). The relevant Federal Rule

of Criminal Procedure concerning modifying supervised release provides that "[b]efore modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Fed.R.Crim.P. 32.1(c)(1).

In United States v. Smith, 445 F.3d 713 (3d Cir. 2006) and United States v. Roberts, 2007 WL 1974335 (3d Cir. 2007), changed circumstances existed permitting a modification. Here, Mr. Murray maintains that there is an absence of changed circumstances, and that the Third Circuit would not permit modification under these circumstances. Assuming that no changed circumstance exists we conclude that under the factual circumstances of this case we have the power to modify Mr. Murray's conditions of supervised release as requested by the Probation Officer.

There is no restriction in 18 U.S.C. § 3583(e)(2) requiring a district court to make findings of changed circumstances in order to modify conditions of supervised release. Mr. Murray argues that the requirement is derived from Smith and Roberts. However, we do not read these cases as imposing a requirement that changed or unforeseen circumstances must exist before a district court has the power to modify conditions of supervised release. At best, it is an open question in this Circuit whether new or unforeseen circumstances must exist before a court may modify conditions of supervision.

In Smith, the defendant, like Mr. Murray here, argued that the District Court "lacked the authority to modify the conditions of his release absent changed circumstances." Smith, 445 F.3d at 716-17. However, the Smith Court did not hold that absent changed circumstances district courts lack the authority to modify conditions of supervision. Instead, the Court found

that a post-sentence "offer of employment by [an] attorney presented a new, unforeseen circumstance **allowing** modification pursuant to § 3583(e)." Id. at 717 (emphasis added).

In Roberts, the District Court had ruled "that it lacked 'jurisdiction' [under § 3583(e)] to modify the conditions of defendants' supervised release on the grounds that they are unconstitutional." 2007 WL 1974335, at *4. On appeal the Third Circuit explained that contrary to the District Court's characterization, the defendants' request was not a facial challenge to the conditions of supervised release but was instead "a true request for modification or 'clarification'" Id. at *4-*5. Therefore, the Third Circuit concluded that rather than lacking jurisdiction the "District Court had grounds for modification under § 3583(e)(2) because the request was premised on 'new or unforeseen circumstances,' namely, the probation office's refusal to grant defendants' requests to see one another despite their longstanding intimate relationship." Id. at *5, citing Smith, 445 F.3d at 717. The Roberts panel, in an explanatory parenthetical, described Smith as "noting that 'new or unforeseen circumstances' **permit** a court to modify conditions of release under § 3583(e)." Id. (emphasis added).

Neither Smith nor Roberts held that new or unforeseen circumstances are *required* before a District Court may modify conditions of supervised release. Instead, these cases stand for the proposition that where changed circumstances exist a court is permitted to modify conditions of supervision. Such a reading is consistent with § 3583(e)(2), which does not contain a requirement of changed circumstances. See also United States v. Garrasteguy, 559 F.3d 34, 44 n.12 (1st Cir. 2009) (viewing Smith as leaving open the question of whether changed circumstances are a prerequisite to modification); United States v. Liptak, 2007 WL 1795748 (W.D.Va. 2007) ("Courts have held that § 3583(e) allows for the modification of a defendant's

7

conditions of supervised release 'to account for new or unforeseen circumstances', citing, *inter alia*, Smith).

The government cites United States v. Begay, 631 F.3d 1168 (10th Cir. 2011) for the proposition that modification is permitted absent a changed circumstance. Mr. Murray cautions against reliance on Begay because a petition for certiorari was filed in the United States Supreme Court precisely because it conflicts with case law in the Third and Second Circuits. Def. Reply at ¶ 8. This apparent conflict is now moot as the Supreme Court denied certiorari on June 13, 2011. Begay v. United States, 2011 WL 1884423 (U.S. Jun 13, 2011). We therefore conclude that the court is not required to find new or unforeseen circumstances before modifying conditions of supervised release.

We now turn to the facts of this case with the assumption that there are no changed circumstances. Mr. Murray argues that his current existing conditions of supervised release are sufficient by pointing out that there is no substantive difference between the proposed modifications and the current conditions. Def. Br. Opp. 8-11, n. 1-8; Def. Reply at ¶ 6; Tr. at 5 (existing and proposed search conditions are identical), 6 ("there is no significant difference" between proposed conditions and existing conditions), and 10 (proposed conditions "basically regurgitate[] conditions that are already in place"). Mr. Murray submits that the underlying purpose for requesting the "modifications" is the government's desire "to institute a regime pursuant to which all defendants who move to this district must submit to resentencing." Def. Reply at ¶ 4. Because the current conditions are sufficient and since there are no changed circumstances, Mr. Murray argues that the proposed modifications are not permitted.

Mr. Murray's allegation of a nefarious purpose underlying the proposed modifications is undercut by his concession that there is no meaningful difference between the proposed

8

modifications and the current conditions. He has not alleged that he will face any greater burden under the modified conditions than under the current conditions. To the extent there are differences between the current conditions and the proposed modifications, the result is positive. The language in the proposed modifications is more precise and comprehensive than the language of the current conditions. This precision and comprehensiveness add clear guidance for Mr. Murray and for the Probation Officer tasked with enforcing the conditions. In addition, the proposed conditions provide clear and specific language for the Court when resolving any alleged violations of the conditions.

The Probation Officer sought these modifications because this language has been approved by the Court in this District for individuals convicted of similar offenses. The purpose appears to be no more than to use more precise and comprehensive language for conditions Mr. Murray is already required to follow. Therefore, after considering the factors set forth in section 3553(a) we find that the requested conditions involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 18 U.S.C. § 3553(a), as provided in 18 U.S.C. § 3583(d)(2).

### B. Change in Circumstance

Alternatively, we find that there has been a sufficient change in circumstance here that allows modification of the terms of supervision in accordance with § 3583(e) and in accordance with the factors set forth in 18 U.S.C. § 3553(a). A review of the case law shows that very little is required to qualify as a changed circumstance.

In Smith the changed circumstance was a post-sentence offer of employment by an attorney; an employment offer "not made prior to, or at, sentencing." Smith, 445 F.3d at 717. It certainly was conceivable at the time of sentencing that Smith could have been offered

9

employment with an attorney at some time in the future as he was convicted of wire fraud connected to "a business named Litigation Support Services, holding himself out as a legal consultant." Id. at 714-15. In Roberts, the changed circumstance was "the probation office's refusal to grant defendants' requests to see one another despite their longstanding intimate relationship." Roberts, 2007 WL 1974335, at *4. In Liptak, the changed circumstances were the defendant's "desire to spend time with family members, his desire to have access to the Internet for employment purposes, and the advancements that have been made in recent years in assessing an individual's risk of recidivism." Liptak, 2007 WL 1795748 at *2. (United States v. Lussier, 104 F.3d 32 (2d Cir. 2007), relied upon by Mr. Murray, involved a challenge to the legality of a condition of supervision, rather than a change in circumstances).

Here, the changed circumstance is that jurisdiction over Mr. Murray's supervised release was transferred to the Western District of Pennsylvania. He was released on July 2, 1010, and on July 29, Judge Irenas signed an Order transferring jurisdiction to this District. Presumably this change occurred because Mr. Murray desired to move to the Western District. Thus, we find this to be sufficient to qualify as a changed circumstance that permits the court to modify conditions of supervision. Smith, 445 F.3d at 717. We disagree with Mr. Murray that permitting modifications of his conditions burdens his constitutional right to interstate travel. He suffers no greater burden under the proposed conditions that he does under the current conditions.

Accordingly, having found that circumstances have changed permitting modification of the conditions of supervision and after considering the factors set forth in section 3553(a) we find that the requested conditions involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 18 U.S.C. § 3553(a), as provided in 18 U.S.C. § 3583(d)(2).

## III. Conclusion

For the reasons stated above we will grant the Petition on Supervised Release and Supplemental Petition on Supervised Release.

AND NOW, to-wit, this 11th day of July, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that the Petitions on Supervised Release (ECF No. 2 at Cr. Nos. 11-51 & 11-52) and Supplemental Petitions on Supervised Release (ECF No. 7 at Cr. Nos. 11-51 & 11-52) be and hereby are GRANTED.

/s/ Gary L. Lancaster
Gary L. Lancaster
Chief United States District Judge